UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTIONE FRANKLIN, | ) |
| Plaintiff, | ) Case No.: |
| vs. | ) |
| | ) St. Louis City Case No.: 2022-CC00135 |
| ALLIED SERVICES, LLC, AND TIMOTHY HARTUPEE, | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

## *NOTICE OF REMOVAL*

Pursuant to 28 U.S.C. § 1332, § 1441, and § 1446, Defendant Allied Services, LLC (hereinafter "Defendant Allied") hereby gives notice of the removal of the above-styled action to this Court from the Circuit Court of St. Louis City, State of Missouri. In support thereof, Defendant states the following:

1. The action styled *Franklin v. Allied Services, LLC*, Case No. 2022-CC00135, was filed in the Circuit Court of St. Louis City, State of Missouri, on or about January 22, 2020.

2. Defendant Allied was served with a summons and a copy of Plaintiff's Petition on February 3, 2020.

3. The action arises from a motor vehicle accident between Plaintiff and Defendant Timothy Hartupee ("Defendant Hartupee") on April 11, 2018 on South Broadway Avenue in the City of St. Louis, Missouri.

4. In his Petition, Plaintiff purports to bring claims sounding in negligence arising from this motor vehicle accident.

5. This Notice of Removal is timely because it is filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b).

6. Venue of this civil action is proper in this Court pursuant to 28 U.S.C. § 1441(a).

7. This court has original jurisdiction over this civil action based on diversity pursuant to 18 U.S.C. § 1332, as Plaintiff and Defendant Allied are citizens of different states, and the matter in controversy exceeds $75,000, and the action is therefore removable pursuant to 28 U.S.C. §1441(a).

8. At the time this action was filed, Plaintiff was a citizen of the state of Missouri.

9. At the commencement of this action and at all times since, Defendant Allied was and continues to be a Delaware corporation with its principal place of business in Arizona.

10. No other defendants in this matter have been served. Therefore, there is complete diversity between Plaintiff and Defendant Allied in this matter. *See* 28 U.S.C. §1332(a)(1).

11. In this case, Plaintiff seeks in excess of $127,000 in medical expenses and $11,000 in lost wages that will exceed the $75,000 minimum jurisdictional amount set forth in 28 U.S.C. § 1332 if Plaintiff is successful on his claims. *See* Plaintiff's Petition, paragraphs 17-18.

12. Accordingly, there is "legal certainty" that, if Plaintiff prevails on his claims, his damages will exceed $75,000 and the jurisdictional amount in controversy requirement is met.

13. As of the filing of this Notice of Removal, Defendant Hartupee has not been served with a summons or a copy of Plaintiff's Petition. Therefore, his consent to this Notice of Removal is not required. See *Roberts v. Palmer*, 354 F.Supp.2d 1041, 1044 (E.D. Mo.

2005)("[i]t is well recognized that the consent of unserved defendants need not be obtained to effectuate removal"); *Mabe v. Golden Living Center-Bransom*, 2007 WL 3326857, *3 (W.D. Mo. Nov. 6, 2007); *Dachenbach v. Pamida, Inc.*, 683 F. Supp. 1268, *1270 (S.D. Iowa 1988)("served defendants need not obtain the consent of unserved nonresident defendants to effect removal").

14. Moreover, pursuant to 28 U.S.C. 1441(b), removal is proper in this case because Defendant Hartupee is not a "properly joined and served" defendant for purposes of the forum defendant rule. See, e.g., *Johnson v. Precision Airmotive, LLC*, 2007 WL 4289656 (E.D. Mo. Dec. 4, 2007) (denying plaintiffs' motion to remand and holding that case was properly removed to federal court because at the time of removal the forum defendants had not yet been served); *Wallace v. Tindall*, 2010 WL 1485714 (W.D. Mo. April 13, 2010) ("[r]emoval of this case was proper because even though Tindall might have been a Missouri resident at the time of removal, he had not been served with the Amended Petition. Courts have stated that 28 U.S.C. 1441(b) must be applied as written and not as the plaintiffs would like the statute to read. Because the statute states 'properly joined and served' this is how it must be applied"); *Rogers v. Boeing Aerospace Operations, Inc.*, 2016 F. Supp. 3d 972 (E.D. Mo. March 31, 2014)("under the plain, unambiguous language of Section 1441(b)(2), an out-of-state defendant may remove a diversity case if at least one defendant – and no forum defendant – has been served.")

15. Pursuant to 28 U.S.C. § 1446(d), Defendant Allied has given written notice of its filing of this Notice of Removal to counsel for Plaintiff. Defendant Allied is also filing a copy of this Notice with the Circuit Court of St. Louis City.

16. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders included in the state court file are attached to this Notice as Exhibit A.

WHEREFORE, Defendant Allied Services, LLC, by and through its counsel, desiring to remove this civil action to the United States District Court for the Eastern District of Missouri, Eastern Division, prays that the filing of this Petition for and Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Petition for the Notice of Removal with the Clerk of the Circuit Court of St. Louis City, State of Missouri, shall effect the removal of said civil action to this Honorable Court.

/s/ Donald L. O'Keefe
Donald L. O'Keefe   #39278MO
GAUSNELL, O'KEEFE & THOMAS, LLC
Attorney for Defendant Allied Services, LLC
701 Market Street, Suite 200
St. Louis, Missouri 63101
(314) 257-9800
(314) 257-9801 (Fax)
Email: dokeefe@gotlawstl.com

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 4th day of March 2020, to be served by operation of the Court's electronic filing system upon the following:

Mr. Brian D. Kurth
Meyerkord & Meyerkord
1717 Park Avenue
St. Louis, Missouri 63104
*Attorneys for Plaintiff*

/s/ Donald L. O'Keefe