**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ANTIONE FRANKLIN, ) | |
| ) | |
|    Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:20-cv-00353 SRC |
| ) | |
| ALLIED SERVICES, LLC, et al., ) | |
| ) | |
|    Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Antione Franklin's Motion to Remand [9]. The Court grants the Motion and remands this matter back to the state court.

Allied Services removed this case to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists only when complete diversity of citizenship exists between the parties, meaning "no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Little Otters of Love, LLC v. Rosenberg*, 724 Fed. App'x 498, 501 (8th Cir. 2018) (quoting *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)). The Court assesses Diversity of citizenship at the time the plaintiff files the action. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). A court must consider the citizenship of all parties when determining if removal is appropriate, not just the parties properly served. *Pecherski v. Gen. Motors Corp.*, 626 F.2d 1156, 1160 (8th Cir. 1981).

Both Franklin and Hartupee are citizens of Missouri; thus, complete diversity does not exist in this case.  Docs. 3, 15.  The Court remands this matter back to the Circuit Court of the City of St. Louis.  Pursuant to 28 U.S.C. 1447(c), the Clerk of the Court shall mail a certified copy of this order of remand to the clerk of the State court.

So Ordered this 4th day of May, 2020.

*SLR.CR*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**